# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROSS RAGSDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–0117−NJR |
| | ) | |
| S. ALLEN, CUNNINGHAM, | ) | |
| TRIBBLE, WEAVER, | ) | |
| HOFF, JOHN COE, and | ) | |
| STEVE DUNCAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ross Ragsdale, an inmate of the Illinois Department of Corrections currently housed in Illinois River Correctional Center, brings this action seeking damages for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The events at issue occurred at Lawrence Correctional Center.

The case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff worked as an inmate porter and, in that position, he frequently did favors for other inmates. (Doc. 1, p. 5). On May 30, 2016, one inmate, Ray-Ray, became angry at Plaintiff for refusing to do him a favor. *Id.* Ray-Ray threatened Plaintiff. *Id*. The next day, Plaintiff refused to leave his cell because he feared a confrontation with Ray-Ray. *Id.*

On June 1, 2016, Plaintiff told S. Allen that he was having problems with Ray-Ray and asked to be moved. (Doc. 1, pp. 5-6). Allen told Plaintiff that the Lieutenant would not authorize movement because he didn't like doing the paperwork. (Doc. 1, p. 6). Plaintiff also told Cunningham about the situation, but she just advised him to "beat his ass and get it over with." *Id.*

On June 2, 2016, Plaintiff told Officer Tribble about the situation. *Id.* Tribble told Plaintiff he couldn't move him instantly and that Plaintiff needed to write to the placement office. *Id*. Plaintiff followed that advice and wrote to Mrs. Weaver in the placement office, but she never responded. *Id*.

2

Plaintiff raised the issue with Allen again on June 3, 2016, and she told him not to worry about the situation any more since Ray-Ray had not acted. (Doc. 1, p. 7). Plaintiff went to chow that night, and Ray-Ray sucker punched him in the left side of his face, knocking him down. *Id.*

Plaintiff was taken to the health care unit and examined; he was then taken to segregation. (Doc. 1, p. 8). In segregation, Plaintiff's face began to swell and darken. *Id.* Plaintiff suspected he had broken bones in his face. *Id*. Plaintiff was taken to the health care unit once more, where a nurse examined him and failed to find any broken bones. *Id.* She ordered him ice, but Plaintiff never received it. *Id.*

The assault happened on Friday, and Plaintiff did not get to see the doctor, John Coe, until the following Monday. *Id*. Plaintiff was in excruciating pain and requested an x-ray. *Id.* Dr. Coe ordered the x-ray, but because of various delays, Plaintiff did not receive it until Thursday, June 9, 2016. (Doc. 1, pp. 8-9). Dr. Coe reviewed the x-ray on June 11, 2016, and told Plaintiff that it showed several breaks. (Doc. 1, p. 9). Plaintiff was taken for an outside consultation on June 15, 2016. Dr. Swanson told Plaintiff that the 12-day delay in securing care had limited his options and that he would have to have surgery, and that if surgery was delayed further, he may need to have the bones in his face re-broken. *Id*.

After the surgery, although Dr. Swanson had prescribed narcotic painkillers, Dr. Coe only authorized Tylenol 3, which was contraindicated for Plaintiff because of his Hepatitis C. *Id*. Also at some point after the surgery, Plaintiff saw Ray-Ray walking around. (Doc. 1, p. 10). He became fearful for his safety and wrote an emergency grievance, but the grievance was denied. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

**Count 1 –** Allen, Cunningham, Tribble, and Weaver failed to protect Plaintiff from the assault by Ray-Ray, in violation of the Eighth Amendment, when they failed to move Plaintiff after he complained about the threat he received;

**Count 2 –** Dr. Coe was deliberately indifferent to Plaintiff's broken face after the assault in violation of the Eighth Amendment when he failed to timely schedule an x-ray, and failed to adequately medicate Plaintiff after his surgery.

**Count 3 –** Hoff and Duncan were deliberately indifferent when they failed to substantiate Plaintiff's emergency grievance.

For the reasons set forth below, Counts 1 and 2 survive threshold review, but Count 3 must be dismissed at this time.

Plaintiff's first claim alleges that Allen, Cunningham, Tribble, and Weaver failed to protect him by not taking appropriate action when he reported the threat from Ray-Ray. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by

showing that he complained to prison officials about a *specific* threat. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that the person who attacked Plaintiff would do so, yet fail to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Of course, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here, Plaintiff has alleged that he received a direct threat from another inmate. When he reported the threat, officials declined to help him. Some officials stated that Plaintiff would get no aid because it was too much paperwork. That is textbook deliberate indifference. A few days after Plaintiff's request for help was denied, he was attacked. On these facts, Plaintiff has articulated a viable claim that the defendants' refusal to help him amounted to deliberate indifference to the possibility that Ray-Ray would attack Plaintiff. **Count 1** shall proceed.

As to **Count 2**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must

actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff has alleged that it took twelve days to receive appropriate care for his face, and that even after Dr. Coe determined that an x-ray was necessary, Plaintiff had to wait an additional three days because his call passes kept getting canceled. Dr. Coe then failed to schedule a follow-up appointment immediately to review the x-ray. Plaintiff alleges that as a result of the delay, he experienced pain and discomfort, and the surgical repair was less effective. A delay in care can indicate deliberate indifference. Additionally, Plaintiff alleges that although a surgeon prescribed him narcotic painkillers, Dr. Coe limited him to Tylenol 3, despite the fact that Plaintiff's Hepatitis C made acetaminophen contraindicated. Prescribing a medically inappropriate course of treatment can also indicate deliberate indifference. At this stage, Plaintiff has adequately stated a claim for deliberate indifference against Dr. Coe.

In **Count 3**, Plaintiff seeks to hold Hoff and Duncan legally responsible for failing to sustain his grievances. It is well-settled, however, that there is no constitutional interest in the

grievance procedure. Seventh Circuit precedent is clear that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Plaintiff's claim for mishandling of grievances will be dismissed with prejudice as legally frivolous.

## Disposition

**IT IS HEREBY ORDERED** that Counts 1 and 2 survive threshold review against Defendants Allen, Cunningham, Tribble, Weaver, and Dr. Coe. **Count 3**, against Defendants Duncan and Hoff, shall be **DISMISSED with prejudice** as legally frivolous. Duncan and Hoff shall be **DISMISSED with prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Allen, Cunningham, Tribble, Weaver and Dr. Coe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant,

and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including a ruling on Plaintiff's motion for appointment of counsel (Doc. 3).

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 22, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**