# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSS RAGSDALE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-CV-117-NJR-MAB |
| SHAY ALLEN, TARRAH DELLINGER, MATTHEW TRIBBLE, MARY WEAVER, and JOHN COE, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Dr. John Coe (Doc. 48) and the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Shay Allen, Tarrah Dellinger, Matthew Tribble, and Mary Weaver (Doc. 55). On April 3, 3019, the Court held an evidentiary hearing on the motions pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). For the reasons set forth on the record and below, the Court grants the motion filed by Defendant Coe and grants in part and denies in part the motion filed by Defendants Allen, Dellinger, Tribble and Weaver.

## BACKGROUND

This case was filed on January 22, 2018 (Doc. 1). On April 11, 2018, a screening order was entered referring this case to Magistrate Judge Donald G. Wilkerson (Doc. 10). Upon Magistrate Judge Wilkerson's retirement, the case was reassigned Magistrate Judge Mark A. Beatty (Doc. 52). Ragsdale alleges that Defendants Allen, Dellinger, Tribble, and

Weaver failed to protect him from an assault that occurred on June 3, 2016, at Lawrence Correctional Center and that Defendant Coe was deliberately indifferent to Ragsdale's injured face after the assault.

The following claims survived a threshold review of the complaint:

> Count 1- Allen, Dellinger, Tribble and Weaver failed to protect Ragsdale from the assault by Ray-Ray, in violation of the Eighth Amendment, when they failed to move Ragsdale after he complained about the threat he received.
>
> Count 2- Dr. Coe was deliberately indifferent to Ragsdale's broken face after the assault in violation of the Eighth Amendment when he failed to timely schedule an x-ray, and failed to adequately medicate Ragsdale after surgery.

(Docs. 10 and 42).

As Ragsdale confirmed at the hearing, the only grievance relevant to this case is an emergency grievance dated July 27, 2016 (Doc. 56-1, p. 4). In this grievance, Ragsdale complains that, on June 3, 2016, he received a threat from an inmate, which occurred in front of Defendant Allen, but Defendant Allen did nothing in response. Ragsdale explains that he asked both Defendant Allen and Defendant Dellinger if he could be moved considering the threat, and they denied his requests. Ragsdale then got punched in the face by that inmate and was taken to segregation. Ragsdale indicates that, had Defendants Allen or Dellinger acted upon his requests for safety, the assault would never have taken place. Ragsdale had to undergo reconstruction surgery for his face as a result.

Ragsdale submitted the July 27, 2016 emergency grievance directly to the warden. On July 28, 2016, the warden found the grievance was not an emergency (Doc. 56-1, p. 4).

The grievance stated, "Offender should submit this grievance in the normal manner." Ragsdale appealed to the Administrative Review Board ("ARB") (*Id.*). On August 30, 2016, the ARB denied the appeal because Ragsdale did not provide a copy of the written grievance with the counselor's response or the Grievance Officer's and the Chief Administrative Officer's response to any appeal (Doc. 56-1, p. 2).

**LEGAL STANDARDS**

Summary judgment is proper only where the moving party can demonstrate no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). All facts and reasonable inferences must be construed in favor of the non-moving party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (*citing Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 824 F.3d 645, 647-48 (7th Cir. 2016)).

The Prison Litigation Reform Act requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). Proper exhaustion requires an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In *Pavey v. Conley*, the Seventh Circuit instructed district courts to conduct a hearing to determine whether a plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Under the Illinois Administrative Code, an inmate must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to

his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible. 20 ILL. ADMIN. CODE § 504.810(c). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer (the Warden) within two months of receipt, "when reasonably feasible under the circumstances." *Id.* § 504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

If the inmate is not satisfied with the response from the Chief Administrative Officer (CAO or "warden"), he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f, after receiving the response of the [CAO], the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision." 20 ILL. ADMIN. CODE § 504.850(a). The inmate shall attach copies of the Grievance Officer's report and the CAO's decision to his appeal. *Id.* "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 ILL. ADMIN. CODE § 504.850(e). "The Director shall review the findings and recommendations of the

Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 Ill. ADMIN. CODE § 504.850(f).

The grievance procedures do allow for an inmate to file an emergency grievance. In order to file an emergency grievance, the inmate must forward the grievance directly to the CAO, who may "[determine that] there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. 20 ILL. ADMIN. CODE § 504.840(a). If the CAO determines the grievance should be handled on an emergency basis, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him what action shall be taken. 20 ILL. ADMIN. CODE § 504.840(b). When an inmate appeals a grievance deemed by the CAO to be an emergency, "the Administrative Review Board shall expedite processing of the grievance." 20 ILL. ADMIN. CODE § 504.850(g).

## ANALYSIS

For the reasons expressed on the record at the hearing held on April 3, 2019, the Court finds that Ragsdale exhausted his administrative remedies as to Defendants Allen and Dellinger. Although Defendants argue that Ragsdale was required to resubmit his grievance through the normal grievance channels, this was not required under the regulations in effect at that time and such argument is unsupported by the law. *See Glick v. Walker*, 385 F. App'x 579, 583 (7th Cir. 2010) ("The defendants' position that he was required to go back to the grievance officer and start over after his emergency grievance had been rejected by the warden and the ARB is at odds with 20 Ill. Admin. Code.

§ 504.840 and *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005)."). Thus, because Ragsdale named Defendants Allen and Dellinger[1] in his emergency grievance, he sufficiently exhausted as to these defendants.

The emergency grievance, however, fails to name Defendants Tribble and Weaver. The grievance form in this case specifically told Ragsdale to "Provide information including a description of what happened, when and where it happened, *and the name or identifying information for each person involved*." (Doc. 556-1, p. 4) (emphasis added). Neither Defendant Tribble nor Defendant Weaver is named in the emergency grievance. Moreover, there is no descriptive information in the grievance indicating that anyone other than Defendants Allen and Dellinger were involved in the incident. In sum, the grievance fails to provide enough information to identify Defendants Tribble and Weaver. Thus, Ragsdale failed to exhaust as to these defendants. Additionally, the grievance fails to complain of any medical care Ragsdale received or describe any actions taken by Defendant Coe. Thus, Ragsdale also failed to exhaust as to Defendant Coe.

Lastly, for the reasons expressed on the record at the hearing, the Court finds that the Motion for Summary Judgment filed by Ragsdale (Doc. 74) is premature and should be denied.

## Conclusion

Accordingly, the Court **GRANTS** the Motion for Summary Judgment filed by Defendant John Coe (Doc. 48). Defendant John Coe is **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to

---

[1] The emergency grievance actually names "C/O Cunningham," who is the same person as Defendant Tarrah Dellinger (*See* Doc. 42).

terminate Defendant Coe as a party to this case.

The Court also **GRANTS in part and DENIES in part** the Motion for Summary Judgment filed by Defendants Shay Allen, Tarrah Dellinger, Matthew Tribble, and Mary Weaver (Doc. 55). The motion is granted as to Defendants Matthew Tribble and Mary Weaver, but denied as to Defendants Shay Allen and Tarrah Dellinger. Defendants Matthew Tribble and Mary Weaver are **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to terminate Defendants Matthew Tribble and Mary Weaver as parties to this case.

The Court also **DENIES** the Motion for Summary Judgment filed by Plaintiff Ross Ragsdale (Doc. 74).

The only claim that proceeds is the failure to protect claim asserted in Count 1 against Defendants Shay Allen and Tarrah Dellinger.

The previously imposed stay of discovery is lifted. A schedule for discovery and dispositive motions will be set by separate order.

**IT IS SO ORDERED.**

DATED:   April 3, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**